IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE HODGE, ) | No. C 10-01220 JW (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| vs. ) | |
| RUSSELL ROBERTS, et al., ) | |
| Defendants. ) | |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. Plaintiff seeks monetary damages for alleged constitutional violations by parole agents. Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Hodge01220_dism (Heck).wpd

any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.  Plaintiff's Claims

Plaintiff claims that he is presenting a federal question before this Court, stating the following: "Plaintiff was face[d] with prison condition by BPT-(CDCR) as a multi-fugitive extraditioner serving parole in two states California and Texas - state paroles his condition of a long term deprivation usage of forging this prison C-file falsely fabricating a document intrusion extending that core of 8th Amendment knowing the substantial risk of 4 yrs [*sic*] deliberate indifference to constitutional protections maintain is unlawness [*sic*] arising to civil right violation, does not qualified immunity as a affirmative defense [*sic*]." (Compl. 3.)  Based on the rather garbled statement of facts, plaintiff appears to be claiming that defendant parole agent Russell Roberts, who works for the Division of Adult Parole Operations of the California Department of Corrections and Rehabilitation, fabricated documents in plaintiff's C-file over the course of several years that implicated him in crimes and resulted in the finding that plaintiff had violated the terms of his parole in the state of Texas. (Id. at 4-5.)  Plaintiff alleges that defendant Roberts' actions violated the Eight Amendment based on his "total indifference" and for the "substantial risk of serious harm" that plaintiff suffered. (Id. at 6.)

Plaintiff's claims, liberally construed, fail to state a claim under the Eighth Amendment.  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See

1   Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and
2   unusual punishment," the Eighth Amendment places restraints on prison officials,
3   who may not, for example, use excessive force against prisoners.  See Hudson v.
4   McMillian, 503 U.S. 1, 6-7 (1992).  However, plaintiff's complaint attacks the basis
5   for his confinement rather than the conditions themselves.  Plaintiff's allegations
6   attack the lawfulness of the actions of parole agents Russell Roberts and Andrew
7   Helm which resulted in the revocation of parole, for which he seeks damages and
8   injunctive relief.

9         In order to recover damages for allegedly unconstitutional conviction or
10   imprisonment, or for other harm caused by actions whose unlawfulness would
11   render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that
12   the conviction or sentence has been reversed on direct appeal, expunged by
13   executive order, declared invalid by a state tribunal authorized to make such
14   determination, or called into question by a federal court's issuance of a writ of
15   habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for
16   damages bearing that relationship to a conviction or sentence that has not been so
17   invalidated is not cognizable under § 1983.  Id. at 487.

18         When a state prisoner seeks damages in a § 1983 suit, the district court must
19   therefore consider whether a judgment in favor of the plaintiff would necessarily
20   imply the invalidity of his conviction or sentence; if it would, the complaint must be
21   dismissed unless the plaintiff can demonstrate that the conviction or sentence has
22   already been invalidated.  Id. at 487.  Heck makes it clear that a § 1983 "cause of
23   action for damages attributable to an unconstitutional conviction or sentence does
24   not accrue until the conviction or sentence has been invalidated."  Id. at 489-90
25   (footnote omitted).

26         Here, plaintiff's claims allege that he is being unlawfully incarcerated based
27   on false information and would, if successful, necessarily imply the invalidity of his
28   continued incarceration.  Accordingly, plaintiff's claims are barred by Heck.

Plaintiff's complaint is DISMISSED without prejudice to plaintiff's filing a new complaint if the challenged conviction and sentence are later invalidated. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.

DATED: June 15, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONNIE HODGE,

        Plaintiff,

  v.

RUSSELL ROBERTS, et al.,

        Defendants.

Case Number: CV10-01220 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/17/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnie Hodge V93913
San Quentin State Prison
San Quentin, CA 94974

Dated: 6/17/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk